## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,          )
425 Third Street, S.W., Suite 800     )
Washington, DC 20024,         )
                             )    Civil Action No.
            Plaintiff,      )
                             )
v.                           )
                             )
U.S. DEPARTMENT OF DEFENSE,   )
1400 Defense Pentagon       )
Washington, DC 20301,         )
                             )
            Defendant.     )
                             )

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization

incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity and

accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to

inform them about "what their government is up to."

4.      Defendant U.S. Department of Defense is an agency of the United States

Government and is headquartered at 1400 Defense Pentagon, Washington, DC 20301.

Defendant has possession, custody, and control of records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

5.      On October 22, 2014, Plaintiff submitted a FOIA request to Defendant, by

certified mail, seeking access to the following:

> Any and all records of communication, including but not limited to, emails and
> text messages, from or to (as either a direct recipient, "Cc" or "Bcc") personnel
> in the Office of the Secretary of Defense and the Chairman of the Joint Chiefs of
> Staff, including but not limited to, Secretary Chuck Hagel and General Martin
> Dempsey, from September 1, 2014 to the present regarding, concerning or
> related to the release of the report prepared by Army Brig. Gen. Kenneth Dahl
> into the actions of Sgt. Bowe Bergdahl, which led to his capture by Taliban
> forces in Afghanistan.

6.      By letter dated October 31, 2014, Defendant acknowledged receiving Plaintiff's

request on October 28, 2014.  The letter informed Plaintiff that Defendant had assigned the

request Case Number 15-F-0233 and that the action officer assigned to the FOIA request was

Charles Marye.  Defendant also informed Plaintiff:

> As your request is currently worded, the scope of the records you are requesting is
> too broad.  Please narrow the types of documents being requested.  Additionally
> please narrow your request by providing search terms, and specific Offices or
> agencies in which you are interested in the correspondence from.  As it stands,
> your request is not reasonably described.  If we have not heard from you by
> November 7, 2014, we will believe that you are no longer interested and will
> close the request.

7.      Plaintiff received the October 31, 2014 letter as an attachment to an email sent by

Mr. Marye.

2

8.      On November 6, 2014, by email, Plaintiff replied to Mr. Marye.  Plaintiff

narrowed its request to:

> Any and all records of communications, including but not limited to, emails and
> text messages, from or to (as either a direct recipient, "Cc" or "Bcc") Secretary of
> Defense Chuck Hagel, and the following members of the Joint Chiefs of Staff: the
> Chairman of the Joint Chiefs of Staff; the Military Service Chiefs of the Army,
> Navy, Air Force and the Marine Corps; and the Chief of the National Guard
> Bureau, regarding, concerning, or related to the 'initial report' of the Army's
> review of the disappearance of Bowe Bergdahl from his post and his subsequent
> capture by Taliban forces.  The time frame of the records sought is September 1,
> 2014 to October 28, 2014.

9.      In addition, Plaintiff attached a news media article concerning the initial report

referenced in the narrowed FOIA request.  Plaintiff subsequently confirmed that Mr. Marye

received the email and that Defendant had no further issues with the now-narrowed request.

10.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine

whether to comply with the request within twenty (20) working days and to notify Plaintiff

immediately of its determination, the reasons therefor, and the right to appeal any adverse

determination.  Defendant's determination was due by December 8, 2014 at the latest.

11.     On January 29, 2015, Plaintiff sent an email to Mr. Marye requesting an update

on the status of its FOIA request.  Plaintiff also spoke with Mr. Marye on that day.  Mr. Marye

informed Plaintiff that he did not know when Defendant would make a determination on

Plaintiff's narrowed FOIA request.

12.     As of the date of this complaint, Defendant has failed to:  (i) determine whether to

comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor;

(iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the

requested records or otherwise demonstrate that the requested records are exempt from

production.

13.     Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

14.     Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

16.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld  under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  February 11, 2015

Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*